# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 99-40672
## Summary Calendar
_____

SIMON SMALLWOOD,

Plaintiff-Appellant,

versus

DIRECTOR OF HEALTHCARE SERVICES TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; JANET LUMPKINS; HERBERT L.
SCOTT; C. DINH, DR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-94-CV-734
--------------------
June 12, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Simon Smallwood, TDCJ-ID prisoner # 552407, appeals the district court's grant of summary judgment for the defendants in his 42 U.S.C. § 1983 action against Janet Lumpkins, Unit Health Care Administrator of the Ramsey I Unit; Dr. Dinh, Unit Physician; and Herbert L. Scott, Ramsey I Head Warden.

In relation to Dr. Dinh, Smallwood argues that the doctor did not follow the proper course of treatment. He states that there was a pattern of inattentiveness and delays in receipt of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medications. He refers to his allegations in the district court regarding his sick call requests about his urinary tract infection. He argues that Dr. Dinh should have treated his infection with antibiotics.

There is no indication in the medical records or Dr. Dinh's affidavit that Smallwood suffered from a urinary tract infection on November 15, 1993. Smallwood complained of blood in his urine, which Dr. Dinh assessed as possibly being related to Smallwood's prostate cancer. As noted by the district court, the medical records showed that Smallwood had a history of prostate cancer. In the face of Smallwood's medical records, Smallwood's allegations against Dr. Dinh are merely a disagreement with the doctor's assessment of his condition. Smallwood points to no summary judgment evidence which creates an issue for trial in relation to Dr. Dinh. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Fed. R. Civ. P. 56(e).

Smallwood argues that the district court misstated his allegations and abused its discretion in granting summary judgment for Lumpkins. He points to no facts in the record to contradict Lumpkins' assertion that she had no responsibility for the staffing of medical personnel. Smallwood may not rest on mere allegations in his pleadings, but must instead produce affirmative evidence and specific facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). Smallwood's arguments on appeal do not demonstrate that he produced any facts in response to the summary judgment motion which showed that Lumpkins was responsible for any harm he allegedly suffered. Smallwood's arguments present no basis to

conclude that the district court erred in granting summary judgment for Lumpkins on the ground of no personal involvement.

Smallwood argues that the district court erred in granting summary judgment for Scott by overlooking the chronology of events he set forth regarding Scott's retaliatory motive. He states that Scott's intentions were to punish. He does not point to any particular evidence in the record to support this allegation. He does not dispute Scott's assertion that his job in the main building was the same as his job in the trusty camp. Scott's assertions in his affidavit that he moved Smallwood so that Smallwood could have better access to medical care are a reasonable explanation for the chronology of events alleged and have not been contradicted by Smallwood with any direct evidence of the alleged retaliatory motive.

The defendants met Smallwood's allegations with summary judgment evidence refuting his claims, and Smallwood rested on his allegations. On appeal, he has not pointed to any summary judgment evidence in the record which demonstrates the existence of a material factual dispute. Smallwood's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

Smallwood is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of

[§ 1915(g)].").  We caution Smallwood that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

**APPEAL DISMISSED AS FRIVOLOUS.**